16 U.S. 240 (____)
3 Wheat. 240
LENOX et al.
v.
PROUT.
Supreme Court of United States.

*241 March 6th. Key, for the appellants.
Jones and Law, for the respondent and plaintiff below.
*242 March 9th, 1818. LIVINGSTON, Justice, delivered the opinion of the court, and after stating the facts, proceeded as follows:
The only ground on which this decree can be sustained is, that the countermand by Davidson of the fieri facias which had issued on the judgment against Deblois, absolved the complainant from all liability on the one which had been recovered against him on the same note; and this has been likened to certain cases between principals and sureties: but it does not fall within any of the rules which it has been thought proper to adopt for the protection of the latter. Although the original undertaking of an indorser of a promissory note be contingent, and he cannot be charged, without timely notice of non-payment by the maker, yet, when the holder has taken this precaution, and has proceeded to judgment against both of them, he is at liberty to issue an execution or not, as he pleases, on the judgment against the maker, without affording any cause of complaint to the indorser; or if he issues an execution, he is at liberty to make choice of the one which he thinks will be *526] *most beneficial to himself, without any consultation whatever with the indorser on the subject; nor ought he to be restrained, by any fear of exonerating the indorser, from countermanding the service of any execution which he may have issued, and proceeding immediately, if he chooses, on the judgment against the indorser. And the reason is obvious; *243 for by the judgment, they have both become principal debtors, and if the indorser suffer any injury by the negligence of the judgment-creditor, it is clearly his own fault, it being his duty to pay the money, in which case, be may take under his own direction the judgment obtained against the maker. By an act of Maryland, it seems expressly provided, which is, perhaps, only declaratory of the common law, that an indorser may tender to a plaintiff the amount of a judgment which he has recovered against the maker of a note, and obtain an assignment of it.
But, it is alleged, that in this case, there was a positive agreement on the part of Mr. Davidson with Mr. Prout, to issue a fieri facias, and proceed therein, and that by not doing so, the latter was thrown off his guard, and lost the opportunity of an indemnity out of the estate of Deblois. Without deciding what might have been the effect of such an agreement, it is sufficient to say, that there is no evidence of it. Mr. Davidson expressly denies that he agreed with the complainant, or even promised him to issue a fieri facias against the estate of Deblois, and that he went no further than to say, that he would consult his lawyer. Not being able immediately to find his lawyer, *and not knowing whether some advantage might not be taken, if [*527 he refused to comply with the complainant's request, he directed a fieri facias to be issued, which, for reasons assigned by him, was afterwards recalled. To this answer of Mr. Davidson, it is supposed by the complainant's counsel, no credit is due, because his commission on the sum in question gave him an interest in the controversy, and he might be answerable over to his principal for his conduct in this business. Non constat, that he would be entitled to any commission on this sum. It is quite as probable, he was acting under a fixed salary, which would not be affected by the event of the suit; and as to his responsibility, none could exist, if he had acted within the scope of his authority; and if he had transcended his power as agent, it would hardly be fair, that his constituents should suffer by his act. But admitting both objections, and they will not affect the verity of his answer; for if he had a direct interest in the event of the suit, and to the extent of the whole sum in controversy, still, his denial of a fact directly alleged in the bill, would be entitled to full credit, according to the rules of a court of equity, where not a single witness has been produced to disprove it, and where the circumstances of the case, and his own conduct, render his account a very probable one. If he had not been made a defendant, which was not a very correct course, he might have been examined as a witness for the other defendant, or for the complainant; but having been made a defendant, and being the only one acquainted with the transaction, the court is of *opinion, that his answer, uncontradicted as it is, is proof against the [*528 complainant of the non-existence of any such agreement as he alleges was made between them in relation to the issuing of the fieri facias.
Nor would Mr. Prout have suffered by the withdrawing of the fieri facias, which is the burden of his complaint, if he had done what he might and ought to have done. He had sufficient notice of this fact, before the ca. sa. was served, to have called and paid the judgment against him, and thus have obtained a control over the one which had been recovered against Deblois. If he had done this, instead of censuring the conduct of Davidson, he might have issued a fieri facias himself, and secured a property, which, if it has not been applied towards his relief, is owing more to his own neglect, *244 in not paying, in time, a debt justly due from himself, than to any other cause whatever. A person so regardless of his interest, as well as duty, as Mr. Prout has been, who has not only refused to pay a note indorsed by him, when due, but has put the holders to the trouble, delay and expense, of proceeding to judgment against him, has but little right to be dissatisfied, if a court of equity shall not think itself bound, by any extraordinary exertions of its powers, to extricate him from a difficulty and loss which he might so easily have avoided.
The decree of the circuit court is reversed, and the complainant's bill must be dismissed, with the costs of that court, to be paid by the complainant to the defendant.
Decree reversed.[(a)]
NOTES
[(a)] See note to Lanusse v. Barker, ante, 148.